PETER D. KEISLER
Assistant Attorney General
KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney
DEBRA D. FOWLER (VSB 30574)
Senior Aviation Counsel
ASHLEY E. DEMPSEY (CSBN 198791)
Trial Attorney
Civil Division, Torts Branch
    U.S. Department of Justice
    Post Office Box 14271
    Washington, DC 20044-4271
    Phone: (202) 616-4024
    Fax: (202) 616-4159
    email: ashley.dempsey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION - E-FILING

| | |
|---|---|
| STEVE FUNDERBURG, et al.,<br><br>                       Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>                       Defendants. | CASE NO. C 02-05461 JW (RS)<br>(Consolidated W/ Case No. 03-04006)<br><br>**UNITED STATES' NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS FROM NON-PARTY CHURCH OF SCIENTOLOGY**<br><br>[Filed concurrently with Declaration of Ashley E. Dempsey and Proposed Order]<br><br>Date: Dec. 8, 2004<br>Time: 9:30 a.m.<br>Courtroom: 4<br><br>Hon. Magistrate Judge Richard Seeborg |
| AND RELATED AND CONSOLIDATED ACTIONS | |

Motion to Compel Re: Church of Scientology
Case No. C 02-05461JW
(Consolidated W/ Case No. 03-04006)

## NOTICE OF MOTION

TO THE CHURCH OF SCIENTOLOGY, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 8, 2004, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above identified Court, located at 280 South First Street, San Jose, California, the United States will move for an Order compelling non-party, the Church of Scientology, to produce documents responsive to a subpoena.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Ashley E. Dempsey and Exhibits, all pleadings and records on file with the Court in this action, and on such oral argument and additional evidence as the Court may permit.

## RELIEF SOUGHT BY DEFENDANT

Defendant moves for an order compelling non-party, the Church of Scientology, to produce all documents and things responsive to category nos. 5-10 of the subpoena duly served upon it by Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of the crash of a single engine aircraft on August 5, 2001 near Weaverville, California. Plaintiff Mark Sajjadi, M.D. was the pilot of the aircraft at the time of the accident. On board with Dr. Sajjadi were his daughter, Dr. Susan Booth, her son, Plaintiff M.D.B., a minor, and Plaintiff Steve Funderburg, Dr. Booth's husband. Dr. Booth was killed and the other Plaintiffs were injured.

After the accident, Plaintiffs filed a Complaint against the United States under the Federal Tort Claims Act. In the Complaint, Plaintiffs seek economic damages related to the death of Dr. Booth, as well as damages for infliction of emotional distress.

Discovery has revealed that Dr. Booth and Mr. Funderburg contributed a large percentage of their income to non-party the Church of Scientology ("the Church") and that Mr. Funderburg received counseling from the Church following the accident. On July 12, 2004, Defendant United States of America issued a subpoena to the Church, which compelled production of, <u>inter alia</u>, documents relating to mental health counseling of Plaintiffs and financial contributions by Plaintiff Steve Funderburg and Susan Booth. (<u>See</u> Declaration of Ashley E. Dempsey, ¶ 1 and Ex. "A" thereto.) The subpoena requested production of responsive records on July 28, 2004. (Ex. "A.") The Church did not serve any objections to the subpoena upon Defendant United States at any time before or after July 28, 2004. (Dempsey Decl., ¶ 3.) The Church produced some initial documents on September 1, 2004, and a few additional documents on October 6, 2004. The Church has not produced any documents responsive to category nos. 5-10 of the subpoena which seek counseling records and records of donations.

Informal efforts to resolve the matter with the Church proved unfruitful. (Dempsey Decl., ¶¶ 2-6.) As such, Defendant brings this Motion to Compel the Church to provide all documents responsive to the subpoena. <u>See</u> Fed. R. Civ. P. 37 and 45(c)(2)(B).

## II. ARGUMENT

Parties are entitled to discovery of information regarding "any matter, not privileged, that is relevant to the claim or defense of any party" as well as matters "relevant to the subject matter involved in the litigation." Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. In addition, discovery of matters that are "reasonably calculated to lead to the discovery of admissible evidence" is permissible. <u>See</u> Fed. R. Civ. P. 26(b)(1). With regard to subpoenas, Rule 45(c)(2)(B) provides that "the party serving the subpoena may, upon notice to the person commanded to produce,

Motion to Compel Re: Church of Scientology
Case No. C 02-05461JW
(Consolidated W/ Case No. 03-04006)     3

move at any time for an order to compel the production." Defendant has provided notice to the Church, and for the reasons set forth herein respectfully requests this Court enter an Order directing the Church to provide all documents responsive to the subpoena.

A. <u>Good Cause Exists to Order the Church to Produce all Documents Responsive to Category Nos. 5-7.</u>

    *1.    The Documents Are Discoverable*

Attachment "A" to the subpoena contained ten categories of documents. ( Ex. "A.") Categories five through seven describe documents reflecting payments and/or donations made by Plaintiff Steve Funderburg and/or the decedent Susan Booth to the Church, as well as payments made by the Church to Mr. Funderburg and/or Dr. Booth. (Ex. "A.") Specifically, the subpoena itemized the following categories:

5. Each and every WRITING pertaining to any payments made by Steve Funderburg to the Church of Scientology or any of its agents, subsidiaries or affiliates from January 1, 1999 to the present.

6. Each and every WRITING pertaining to any payments made by the Church of Scientology or any of its agents, subsidiaries or affiliates to Steve Funderburg and/or Susan Booth, D.D.S. from January 1, 1999 to the present.

7. All WRITINGS relating to any financial donations made by Susan Booth (aka Susan Funderburg) and/or Steve Funderburg to the Church of Scientology or any of its agents, subsidiaries or affiliates from January 1, 1999 to the present.

(Ex. "A.") The Church has refused to provide any documents responsive to these categories of the subpoena.

These documents bear directly upon the claims of Steve Funderburg and M.D.B. for economic loss. Discovery has revealed that Dr. Booth and Mr. Funderburg contributed a large portion of their income to the Church.[1] In determining economic loss

---

[1] For example, in 2001, the year of the accident, the annualized, charitable contribution for the Booth/Funderburg household is estimated by the United States' economic expert to be $153,417.00, which constitutes roughly seventy percent of household income.

Motion to Compel Re: Church of Scientology
Case No. C 02-05461JW
(Consolidated W/ Case No. 03-04006)               4

under California law, deductions are made for, inter alia, the decedent's consumption. See, e.g., United States v. English, 521 F.2d 63 (9th Cir. 1975). Such contributions substantially reduce the decedent's available funds and are relevant to Plaintiffs' claim for economic loss. However, the records produced by the Plaintiffs concerning charitable contributions were incomplete. Documents detailing financial contributions are discoverable under Fed. R. Civ. P. 26(b)(1), and the Church should be compelled to provide all documents responsive to categories five through seven of the subpoena. See Fed. R. Civ. P. 37(a) and 45(c)(2)(B).

### 2. *All Objections Have Been Waived for Failure to Object*

The Church apparently claims that documents responsive to categories five through seven exist, but are being withheld on the grounds of privilege. (Dempsey Decl., ¶ 3.) However, the Church has waived all objections by failing to serve this Defendant with objections. A party who objects to a subpoena for records must serve written objections within 14 days of service of the subpoena, or, at any time prior to the time specified for production, if the subpoena was served less than 14 days prior to the deposition. See Fed. R. Civ. P. 45(c)(2)(B).

Here, the subpoena was served on July 12, 2004, and called for production of documents on July 28, 2004. (Ex. "A.") The Church failed to serve objections upon the United States at any time prior to, or at the time for production. (Dempsey Decl., ¶ 3.) In fact, to this date, the Church has not served written objections upon Defendant.[2] (Dempsey Decl., ¶ 3.) The Church's failure to object to the subpoena constitutes a waiver of any and all objections, including any claims of privilege. See, e.g., In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998) (waiver results where assertion of

---

[2] The United States is informed that the Church served objections to the subpoena upon Plaintiff Trinity County on September 21, 2004, by facsimile. However, even assuming, *arguendo*, that this can be considered service upon the United States, the objections were two months late and are, therefore, untimely. Fed. R. Civ. P. 45(c)(2)(B).

Motion to Compel Re: Church of Scientology
Case No. C 02-05461JW
(Consolidated W/ Case No. 03-04006)                    5

privilege not asserted within 14 days); U.S. *ex rel*. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002) (finding that "[f]ailure to serve timely objections waives all grounds for objection, including privilege").

      B.      <u>Good Cause Exists to Order the Church to Produce all Documents Responsive to Category Nos. 8-10.</u>

Categories eight through ten describe documents pertaining to mental health counseling provided to Plaintiffs Steve Funderburg, M.D.B., and/or Plaintiffs' decedent Dr. Susan Booth:

> 8. All DOCUMENTS that evidence any mental health counseling (including but not limited to psychotherapy) provided to [M.D.B.] by, on behalf of or by arrangement or referral through the Church of Scientology from January 1, 1999 to the present.
>
> 9. All DOCUMENTS that evidence mental health counseling (including but not limited to psychotherapy) provided to Steve Funderburg by, on behalf of or by arrangement or referral through the Church of Scientology from January 1, 1999 to the present.
>
> 10. All DOCUMENTS that evidence any mental health counseling (including but not limited to psychotherapy) provided to Susan Booth (a.k.a. Susan Funderburg) by, on behalf of or by arrangement or referral through the Church of Scientology from January 1, 1999 to August 5, 2001.

(Ex. "A.") The Church apparently claims that it has no documents responsive to these categories. (Ex. "C.")

Documents responsive to this request are highly relevant to Plaintiff Steve Funderburg and M.D.B.'s respective causes of action for infliction of emotional distress against the United States. Further, documents pertaining to counseling sought by Dr. Booth bear upon Plaintiffs' claim for loss of comfort, society and affection. The United States has been informally advised that the Church contends that it does not possess documents responsive to this request. (Ex. "C.") However, the United States requested the Church to perform an additional search for records in light of the deposition testimony of Steve Funderburg. (Ex. "C" and Dempsey Decl., ¶ 6.) The United States specifically advised the Church's counsel that Plaintiff Steve Funderburg testified that he received

Motion to Compel Re: Church of Scientology
Case No. C 02-05461JW
(Consolidated W/ Case No. 03-04006)        6

counseling and/or a process similar to counseling that the Church entitles "auditing" after the accident on August 5, 2001. (Ex. "C.") Moreover, Mr. Funderburg testified that the "auditor," the Church member who acts as the counselor, took notes during the auditing sessions. (Ex. "C.") The Church has not responded to Defendant's request that it conduct an additional search for additional documents described in the deposition of Mr. Funderburg. Notes and/or any other writings relating to any counseling or "auditing" are responsive to the subpoena and the Church waived any claim of privilege it may have had by failing to serve objections upon Defendant.

The requested documents cannot be obtained from Plaintiffs or any other source. Mr. Funderburg testified in his deposition that the Church's auditors/counselors are the only persons in possession of the records. As such, good cause exists to compel the Church to produce documents responsive to category nos. 8-10 of the subpoena, including any "auditor's" notes. See Fed. R. Civ. P. 37 and 45(c)(2)(B).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests the Court enter an order directing the Church to produce all documents responsive to categories number five through 10 of the subpoena.

Dated: November 3, 2004

PETER D. KEISLER
Assistant Attorney General

KEVIN V. RYAN
United States Attorney

CLAIRE T. CORMIER
Assistant United States Attorney

By: /s/
DEBRA D. FOWLER
Senior Aviation Counsel
ASHLEY E. DEMPSEY
Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice

Of Counsel:
Mark Baylen, Esq.
Litigation Division, AGC-400
Office of the Chief Counsel
Federal Aviation Administration

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the United States Motion to Compel directed to the Church of Scientology was dispatched for next day delivery with FedEx, charges to be billed to sender, on this 3rd day of November 2004 to the following person:

Leslie Holmes, Esq.
Hogan, Holmes & Usoz, LLP
333 West Santa Clara Street, Suite 800
San Jose, CA  95113
*Counsel for Non-Party The Church of Scientology*

/s/_____
Employee
U.S. Department of Justice

Motion to Compel Re: Church of Scientology
Case No. C 02-05461JW
(Consolidated W/ Case No. 03-04006)                9