1   PETER D. KEISLER
    Assistant Attorney General
2   KEVIN V. RYAN (CSBN 118321)
    United States Attorney
3   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
4   CLAIRE T. CORMIER (CSBN 154364)
    Assistant United States Attorney
5   DEBRA D. FOWLER (VSB 30574)
    Senior Aviation Counsel
6   ASHLEY E. DEMPSEY (CSBN 198791)
    Trial Attorney
7   Civil Division, Torts Branch
            U.S. Department of Justice
8           Post Office Box 14271
            Washington, DC  20044-4271
9           Phone:  (202) 616-4024
            Fax:  (202) 616-4159
10          email: ashley.dempsey@usdoj.gov

11  Attorneys for United States of America

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14            SAN JOSE DIVISION - E-FILING

15  STEVE FUNDERBURG, et al.,              CASE NO. C 02-05461 JW (RS)
                                           (Consolidated W/ Case No. 03-04006)
16
17                          Plaintiff,     **MOTION IN LIMINE TO EXCLUDE
    v.                                     EVIDENCE OF PLAINTIFFS'
18                                         COUNSELING FROM CHURCH OF
    UNITED STATES OF AMERICA, et           SCIENTOLOGY; EXHIBITS**
19  al.
20                          Defendants.
21  ─────────────────────────────
    AND RELATED AND                        Pretrial Conference: September 14, 2005
22  CONSOLIDATED ACTIONS                   Trial: September 21, 2005
23
24
25      Defendant United States of America hereby moves *in limine* to exclude all

26  evidence that Plaintiffs Steve Funderburg and Mark Booth received post-accident

27
28  Motion in Limine
    Case No. C 02-05461 JW (RS)
    (Consolidated W/ Case No. 03-04006)

counseling from members of their church to address Plaintiffs' emotional damages stemming from the crash of an airplane piloted by Plaintiff Mark Sajjadi, M.D. Plaintiffs asserted the clergy-penitent privilege when the United States requested in discovery that Plaintiffs produce all counseling records. Plaintiffs now seek to affirmatively admit counseling evidence at trial as evidence that they mitigated their emotional damages. Admitting this evidence would unfairly prejudice the Defendants and should be precluded. FED. R. EVID. 403.

## Memorandum of Points and Authorities

By way of background, Plaintiffs Mark Booth and Steve Funderburg were involved in the crash of a single engine aircraft in August 2001 near Weaverville, California. Their mother and wife, Susan Funderburg, died in the accident. As a result of that accident, Plaintiffs Booth and Funderburg filed a complaint against the United States under the Federal Tort Claims Act seeking, in relevant part, damages for the infliction of emotional distress.

In July 2004, the United States subpoenaed the Church of Scientology of Los Gatos (the Church) seeking all documents evidencing any mental health counseling (including, but not limited to, psychotherapy) provided to Mark Booth or Steve Funderburg by, on behalf of, or by arrangement or referral through, the Church. (Both Plaintiffs asserted that they did not receive any post-accident counseling other than counseling provided by the Church.) After repeated discussions between the parties regarding these documents, the United States brought a motion to compel the Church to produce the counseling records. (Exhibit A, United States Motion to Compel Documents from Non-Party Church of Scientology; Exhibit B, United States Supplemental Brief in Further Support of Motion to Compel Documents from Non-Party Church of Scientology.)

Motion in Limine
Case No. C 02-05461 JW (RS)
(Consolidated W/ Case No. 03-04006)     2

Plaintiffs and the Church opposed the United States' motion to compel.  (Exhibit C, Non-Party Church of Scientology Los Gatos' Opposition to Motion to Compel.)  They argued that the "counseling" or "auditing" records fell under California's clergy-penitent privilege.  *See* Cal. Evid. Code. Section 1030.  The United States argued, in turn, that the counseling records were directly relevant to Plaintiffs' claims for emotional damages  and that, because Plaintiffs had placed their mental states at issue, any privilege over the counseling records had been waived.  (Exhibit A, pp. 5-7.)  The Court found in favor of Plaintiffs and the Church.  (Exhibit D, Order Denying Motion to Compel Production of Documents from Non-Party Church of Scientology.)  The Court noted that, while the documents were relevant, they fell under the priest-penitent privilege and therefore neither Plaintiffs nor the Church were required to produce them in discovery.  (Exhibit D, pp. 6-7.)

At trial, Plaintiffs will ask this Court to award damages for the emotional distress allegedly caused by their involvement in the accident,  as well as damages under *Dillon v. Legg* for their emotional distress allegedly caused by witnessing Susan Booth's death. (*See* Joint Pre-Trial Conference Statement, filed September 1, 2005, pp. 3-4.)  In its defense, the United States will show that Plaintiffs failed to mitigate their emotional damages by failing to obtain qualified counseling after the accident.  (*See* Joint Pre-Trial Conference Statement, filed September 1, 2005, p. 27.)  The United States will rely, in part, on the opinion of Plaintiffs' psychiatric expert that Mr. Funderburg would specifically benefit from counseling.

In response to the United States' "failure to mitigate" defense, Plaintiffs now seek to turn the table on their prior assertion of the priest-penitent privilege and submit evidence that they obtained counseling through the Church.  (See Joint Pre-Trial Conference Statement, filed September 1 pp. 3-4.)  In making this assertion, they will rely on the very evidence they denied the United States access to by asserting the shield of the

priest-penitent privilege.  Fairness requires that Plaintiffs be prohibited from testifying about or referring to any evidence of counseling at the trial of this matter.

Rule 403 of the Federal Rules of Evidence provides that evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.  Federal courts look unfavorably on a civil defendant who asserts a privilege that serves to "shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial."  *United States v. Sixty Thousand Dollars in U.S. Currency*, 763 F. Supp. 909, 914 (E.D. Mich. 1991); *see Bourgal v. Robco Contracting Enterprises, Ltd.*, 969 F. Supp. 854, 862 (E.D.N.Y. 1997), *aff'd*, 182 F.3d 898 (2nd Cir. 1999) (where the court bared defendants from creating issues of fact by withdrawing their asserted Fifth-Amendment privilege at the eleventh-hour and submitting affidavits in support of their opposition to summary judgment.); *see also Brooks v. Hilton Casinos Inc*., 959 F.2d 757, 768 (9th Cir. 1992) ("Plaintiffs who voluntarily come into court and seek economic damages must be prepared to prove their economic loss: 'The scales of justice would hardly remain equal ... if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim.'" quoting *Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969)).

In the present action, the United States was denied an opportunity to conduct discovery on the counseling received by Plaintiffs and, as such, was unable to obtain even the most basic information about the alleged counseling, such as: the length of the counseling sessions; the number of counseling sessions; what methods were used by the counselors; and whether the methods used were successful.  Moreover, the United States was denied the assistance of their psychiatric expert in analyzing the counseling records

1  to assess if and how the counseling impacted Plaintiffs' alleged emotional distress.

2  Without knowing the quantity, quality, and content of the counseling provided by the

3  Church, the United States will be severely limited in its ability to challenge Plaintiffs'

4  unsubstantiated and self-serving assertions at trial that they mitigated their emotional

5  damages.

6      If Plaintiffs are permitted to submit counseling evidence at trial when the United

7  States was denied the opportunity to conduct discovery on this issue, Plaintiffs will

8  achieve an unfair and unintended strategic advantage from asserting the priest-penitent

9  privilege.  For this and the above-stated reasons, the United States requests that all

10  testimony or other evidence regarding counseling Plaintiffs received from or through the

11  Church of Scientology be excluded from trial.

12      The United States recognizes that this Motion is submitted after the August 3,

13  2005 motion in limine deadline agreed to by the parties.  (*See* Joint Request for a

14  Telephone Status Conference, filed July 6, 2005.)  However, the United States requests

15  the Court consider this Motion nonetheless.  The issue raised by this Motion did not

16  become apparent to the United States until after the Joint Pretrial Conference Statement

17  was filed by the parties on September 1, 2005, well after the August 3rd motion in limine

18  deadline.[1]  Because the issue presented in this Motion is relatively simple and

19

20

21

22  [1] A draft Joint Pretrial Statement circulated by Kenney and Markowitz (representing the
23  intervenor and counter-defendant) on September 1, 2005, as the proposed final version did not
   mention Church counseling.  The United States was advised that no further changes or additions
24  would be made to the Statement prior to filing.  Because the United States did not approve of the
   proposed Statement, it was forced to file its own statement.  Over the weekend of September 10,
25  2005, the United States discovered that the Statement had been modified to add information
   about Church counseling.  (*See* Undisputed Fact Nos. 19 and 21 of the Joint Statement filed
26  September 1, 2005.)  The parties are presently working on drafting a Statement to which all
   parties agree.
27

28  Motion in Limine
   Case No. C 02-05461 JW (RS)
   (Consolidated W/ Case No. 03-04006)      5

1    straightforward, there is little predjudice to Plaintiffs by the Court considering this

2    Motion before trial begins on September 21, 2005.

3    Dated: September 13, 2005

                                          Respectfully Submitted.

4
                                          PETER D. KEISLER
5                                         Assistant Attorney General

6                                         KEVIN V. RYAN
                                          United States Attorney
7
                                          CLAIRE T. CORMIER
8                                         Assistant United States Attorney

9

10                                        By:      /s/Ashley E. Dempsey
                                                  DEBRA D. FOWLER
11                                                Senior Aviation Counsel
                                                  ASHLEY E. DEMPSEY
12                                                Trial Attorney
                                                  Civil Division, Torts Branch
13                                                U.S. Department of Justice

14

15   Of Counsel:

16   Mark Baylen, Esq.
     Litigation Division, AGC-400
17   Office of the Chief Counsel
     Federal Aviation Administration
18

19

20

21

22

23

24

25

26

27

28   Motion in Limine
     Case No. C 02-05461 JW (RS)
     (Consolidated W/ Case No. 03-04006)       6