United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Steve Funderburg et al.,

Plaintiff(s),

v.

United States Of America et al.,

Defendant(s).

_________________________________/

NO. C 02-05461 JW

**ORDER RE MOTIONS IN LIMINE**

Plaintiffs' motion in limine re charitable contributions made by Susan Booth is denied. In wrongful death actions, damages must be reduced in an amount equal to the decedent's personal consumption. See e.g. United States v. English, 521 F.2d 63 (9th Cir. 1975). Therefore, evidence of Susan Booth's contributions to the Church of Scientology is potentially relevant.

Plaintiffs' motion in limine to exclude evidence of infrequency of other accidents is denied. The evidence is relevant, and the objections based upon lack of foundation and hearsay are premature. Plaintiffs may renew their motion at the appropriate time during trial, if necessary.

Plaintiffs' motion in limine re defense accident reconstructionist Gary Thompson is denied without prejudice to renew the motion at an appropriate time during trial.

Plaintiffs' motion in limine to "exclude hearsay evidence of opinions of non-designated experts, including 'pilot advisory committee' members" is denied based upon County of Trinity's representation that it intends to offer the discussions into evidence for a non-hearsay purpose.

Plaintiffs' motion in limine to exclude evidence of other "one way" airports is denied. The evidence is relevant and not unduly prejudicial.

United States District Court
For the Northern District of California

Plaintiffs' motion in limine to exclude evidence of Funderburg's remarriage, financial condition, and amounts inherited from his decedent and life insurance received by Mark Booth is granted as unopposed with respect to Funderburg's remarriage, financial condition after the accident, and amounts inherited from Susan Booth and from life insurance proceeds. The motion is denied with respect to Funderburg's financial condition at or before Susan Booth's death. Funderburg's financial condition at or before Susan Booth's death is relevant to the issue of damages.

Plaintiffs' motion in limine re inadmissibility of collateral source payments on issue of damages is denied as overbroad in light of California Government Code section 985(b).

Plaintiffs' motion in limine to exclude NTSB report of subject crash and others is granted as unopposed. However, the factual reports are admissible pursuant to 49 C.F.R. Section 835.2.

Plaintiffs' motion in limine to exclude testimony of Bernard Rappaport, M.D., is denied. Dr. Rappaport is a board certified in psychiatry by the American Board of Psychiatry and Neurology with experience in treating children and adolescents. That he does not subspecialize in child/adolescent psychiatry does not disqualify him from providing expert testimony in the present case.

Plaintiffs' motion in limine to exclude evidence of Dr. Sajjadi's alleged prior instances of negligence is denied. Evidence of the weight of the plane at the time it left San Jose to depart for Weaverville is relevant to determine, at a minimum, the likely weight of the plane at the time it departed from Weaverville. It does not constitute character evidence; however even if it were considered character evidence, it is admissible for the purposes of showing preparation and planning. Furthermore, the evidence has potential value for impeachment purposes.

Plaintiffs' motion in limine to exclude the testimony of Bernard J. Coogan is denied, without prejudice to renew the motion at an appropriate time during trial.

Plaintiffs' motion in limine to exclude evidence of defense seat test is denied, without prejudice to renew the motion at an appropriate time during trial.

Plaintiffs' motion in limine to exclude the testimony of Dr. Stanley Mohler is denied. That Dr. Mohler did not visit the Weaverville airport affects the weight of his opinions, but does not render his opinions inadmissible.

United States District Court
For the Northern District of California

Plaintiffs' motion in limine to exclude evidence regarding FAA medical certification reporting requirements is denied. Character evidence is admissible when offered to rebut "[e]vidence of a pertinent trait of character offered by an accused." Fed.R.Evid. 404(a)(1). The evidence is also admissible pursuant to Rule 608(b), Fed.R.Evid.

County of Trinity's motion in limine number one to "preclude any evidence as to causation as it relates to liability against the County and to preclude any reference to any purported insufficiency of the takeoff warning sign or lack of additional warning signs"[1] is denied.

County of Trinity's motion in limine number two to "preclude the testimony of Plaintiffs' experts Dr. Ken Orloff and Carl Steinhauer" is denied without prejudice to renew the motion at an appropriate time during trial.

County of Trinity's motion in limine number three to "preclude reference to repainting of warning sign beside runway and the runway markings"[2] is granted pursuant to Rule 407, Fed.R.Evid.

County of Trinity's motion in limine number four to "preclude reference to FAA Advisory Circulars re airport" is denied.

County of Trinity's motion in limine number five to "preclude reference to Susan Booth's tendency to wearing seat belts and/or shoulder harnesses" is denied.

County of Trinity's motion in limine number six to "preclude reference to post deposition expert inspection and work" by Dr. Raphael is denied.

County of Trinity's motion in limine number seven to "permit evidence of actual amounts paid by collateral sources" is granted as unopposed.

County of Trinity's motion in limine number eight to "preclude reference to prior incidents and/or accidents at the airport"[3] is denied.

County of Trinity's motion in limine number nine to "preclude any extraneous and irrelevant

---

[1] United States takes no position on this motion.

[2] United States takes no position on this motion.

[3] United States takes no position on this motion.

**United States District Court**
For the Northern District of California

evidence of damages" is granted.

County of Trinity's motion in limine number ten to "preclude reference to any new Weaverville Airport or plans therefore"[4] is denied.

County of Trinity's motion in limine number eleven to "preclude reference to any brain injury claim or other claims in which plaintiffs failed to disclose in discovery" is denied.

County of Trinity's motion in limine number twelve to "preclude mention of any settlement, settlement negotiations and/or offers" is granted.

United States' motion in limine to exclude the testimony of Plaintiffs' experts Douglas Falk, Thaddeus Whalen and Broderick Jew[5] is denied without prejudice to renew the motion at an appropriate time during trial.

United States' motion in limine to exclude evidence of Dr. Sajjadi's emotional distress over witnessing the death of his daughter[6] is granted as unopposed.

United States' motion in limine to exclude all opinions that are in any way based on Dr. Ken Orloff's computer program which Plaintiffs have refused to disclose[7] is denied.

Dated: September 14, 2005
02cv5461mil

/s/James Ware
JAMES WARE
United States District Judge

---

[4] United States takes no position on this motion.

[5] County of Trinity joins in the motion.

[6] County of Trinity joins in the motion

[7] County of Trinity joins in the motion

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ashley E. Dempsey ashley.dempsey@usdoj.gov
Claire T. Cormier claire.cormier@usdoj.gov
David S. Rand randlaw@pacbell.net
Debra Fowler debra.fowler@usdoj.gov
Donald S. Honigman dhonigman@kennmark.com
G. Russell Clark gclark@kennmark.com
Jonathan S. Morse jmorse@baileypartners.com
Leslie Holmes lholmes@hoganlaw.com
Raymond H Hua rhua@baileypartners.com
Robert Ray Neller rneller@kennmark.com
S. Keven Steinberg ksteinberg@baileypartners.com
Stephen Lester Nelson snelson@baileypartners.com

Joseph L. Naegele
1530 The Alameda
Suite 205
San Jose, CA 95126-2303

**Dated: September 14, 2005**

**Richard W. Wieking, Clerk**

**By: /s/JW Chambers**
**Ronald L. Davis**
**Courtroom Deputy**